**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SADIEL DOMINGUEZ VEGA,<br>*Petitioner* | §<br>§<br>§ | |
| | § | |
| v. | §<br>§ | Case No.  SA-25-CA-01439-XR |
| WARDEN ROSE THOMPSON, KARNES<br>COUNTY IMMIGRATION PROCESSING<br>CENTER; KRISTI NOEM, SECRETARY<br>OF THE U.S. DEPARTMENT OF<br>HOMELAND SECURITY; MIGUEL<br>VERGARA, ACTING/DIRECTOR OF<br>THE SAN ANTONIO FIELD OFFICE U.S.<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT; AND PAMELA<br>BONDI, ATTORNEY GENERAL OF THE<br>UNITED STATES;<br>*Respondents* | §<br>§ | |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Sadiel Dominguez Vega's Petition for a Writ of Habeas

Corpus (ECF No. 1) and the Government's response (ECF No. 5). After careful consideration, the

petition is **GRANTED**.

## BACKGROUND

Petitioner is a Cuban citizen who arrived in the United States without inspection in

December 2021. ECF No. 1 at 6. After he turned himself into immigration authorities, Petitioner

was released on his own recognizance under 8 U.S.C. § 1226. *Id*. He has since complied with the

terms of his release. *Id*.

Petitioner's last check-in with Immigration and Customs Enforcement ("ICE") was

November 2024. *Id*. ICE did not schedule a follow-up appointment. *Id*. Petitioner inquired via

email and telephone regarding a new check-in date. *Id*. ICE failed to respond. *Id*.  So Petitioner

1

went in person to the ICE San Antonio Field Office in May 2025. *Id*. ICE arrested him there

pursuant to a warrant issued under 8 U.S.C. § 1226. ECF No. 2 at 11. Petitioner has been detained

since. ECF No. 1 at 6.

In June, Petitioner sought a custody re-determination hearing under 8 U.S.C. § 1226. *Id*. at

7. At that hearing, the Government changed its position and claimed that it was detaining Petitioner

under 8 U.S.C. § 1225(b)(2).  ECF No. 1 at 7. Accordingly, the immigration judge concluded that

"[t]he court lacks jurisdiction." ECF No. 2 at 121. The immigration judge cited *Matter of Li*, 29 I.

& N. Dec. 66 (BIA 2025), for the proposition that Section 1225(b)(2) applied and thus Petitioner

was ineligible for bond. ECF No. 2 at 121.

Now before this Court, Respondents have changed their tune once again. They now claim

that Petitioner is detained under 8 U.S.C. Section 1225(b)(1). This provision allows expedited

removal of certain "arriving" aliens and of certain aliens who have not "been physically present in

the United States continuously for the 2-year period immediately prior to the date" that they were

determined inadmissible under Section 1225(b)(1).  8 U.S.C. § 1225(b)(1)(A)(iii)(II).

The Court looks past how the Respondents previously relied on Section 1226 and Section

1225(b)(2) to consider the Section 1225(b)(1) argument at face value. *But see* 5 U.S.C. § 706

(empowering courts to hold agency action unlawful if it is arbitrary and capricious). Respondents'

argument fails regardless.

**LEGAL STANDARD**

A habeas petitioner must show they are "in custody in violation of the Constitution or laws

or treaties of the United States."  *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at \*4

(S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).  The petitioner "bears the burden of

proving that he is being held contrary to law; and because the habeas proceeding is civil in nature,

2

the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting

*Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d

1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and

dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

Petitioner claims that Respondents lack statutory authority to detain him without a bond

hearing and are depriving him of due process by doing so. *See* ECF No. 1. Because the Court

agrees with Petitioner's statutory arguments, it need not address his constitutional one.

## I. This Court Has Jurisdiction

Respondents cite three statutory provisions that purportedly strip this Court of jurisdiction.

None does so.

### A. 8 U.S.C. § 1225(b)(4) Does Not Preclude Jurisdiction

Respondents first argue that Section 1225(b)(4) requires that Petitioner's challenge "be

raised before an immigration judge in removal proceedings." ECF No 5 at 12. That provision

states:

> The decision of the examining immigration officer, if favorable to the admission of
> any alien, shall be subject to challenge by any other immigration officer and such
> challenge shall operate to take the alien whose privilege to be admitted is so
> challenged, before an immigration judge for a proceeding under section 1229a of
> this title.

8 U.S.C. § 1225(b)(4). It is unclear how Respondents conclude from this that "judicial review [for

Petitioner] is available only through the court of appeals following a final administrative order of

removal." ECF No. 5 at 12. Respondents themselves argue that Petitioner is an "applicant for

admission." ECF No. 5 at 6 ("Petitioner cannot plausibly argue that he is not an applicant for

admission"). So there has not been a "decision . . . favorable to the admission" of Petitioner. *See* § 1225(b)(4). Thus, Section 1225(b)(4) does not apply.

### B. 8 U.S.C. § 1252(g) Does Not Preclude Jurisdiction

Respondents next claim that Section 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

But Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Here, Petitioner "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. . . . [H]e challenges the decision to detain him." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025). So Section 1252(g) does not divest the Court of jurisdiction.

### C. 8 U.S.C. § 1252(b)(9) Does Not Preclude Jurisdiction

Respondents finally argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

But once again, this provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *accord Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Applied to this case, there are at least two bases on which to reject the argument that Section 1252(b)(9) precludes jurisdiction. First, Petitioner claims that Respondents lack "legal authority to subject [him] to mandatory detention under [Section] 1225 instead of detention with a bond hearing under [Section] 1226(a)." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). He does *not* seek review of "an order of removal, the decision to seek removal, or the process by which removability will be determined." *Id.*; *Aguilar*, 510 F.3d at 11 (discussing legislative history indicating that Section 1252(b)(9) does not preclude claims "independent" of removal, including "habeas review over challenges to detention"). So Section

1252(b)(9) "does not present a jurisdictional bar" here. *See Regents of the Univ. of Cal.*, 591 U.S. at 19.

Second, Petitioner cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647. The core of this dispute is whether Respondents can detain Petitioner without a bond hearing—that is, with no administrative opportunity to contest his detention. If Section 1252(b)(9) precluded this habeas petition, Petitioner's detention would be "effectively unreviewable." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality). "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Id.*

The Court has jurisdiction.

## II. Petitioner's Detention Is an Unlawful Application of 8 U.S.C. § 1225(b)

Moving to the merits, the question is whether Respondents may detain Petitioner without a bond hearing under Section 1225(b). They may not.

### A. Section 1225(b)(1) Does Not Apply

Respondents primarily argue that Petitioner is detained under Section 1225(b)(1). This provision allows expedited removal of certain "arriving" aliens and of certain aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" that they were determined inadmissible "under this subparagraph." Respondents do not contest that Petitioner entered the country more than two years before his current detention began. *See* ECF No. 2 at 4.

Instead, they argue that Petitioner was *initially* apprehended in 2021, less than two years after he entered the country. But Petitioner's 2021 apprehension was not under Section 1225(b)(1).

Contemporaneous documents repeatedly referenced Section 1226.  Petitioner's "Notice of Custody Determination" was "[p]ursuant to the authority contained in" Section 1226 and its implementing regulations.  ECF No. 2 at 7.  And DHS issued a warrant to arrest Petitioner "pursuant to" Section 1226.  *Id.* at 11.  Respondents cannot retroactively transform what was clearly action under Section 1226 into detention under Section 1225(b)(1).

Respondents may alternatively argue that Petitioner's current detention is pursuant to Section 1225(b)(1) regardless of whether his 2022 apprehension was. This too misses the mark. Section 1225(b)(1) requires detention for certain aliens undergoing *expedited* removal proceedings.  8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). But Respondents admit that Petitioner is currently in "full" removal proceedings under 8 U.S.C. Section 1229a.  ECF No. 5 at 14. Respondents have conceded in other cases that an alien cannot simultaneously be in both full and expedited removal proceedings.  *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases).  In short, even if Section 1225(b)(1) could—as a general matter—apply to Petitioner, he is not currently subject to expedited removal proceedings and thus is not subject to Section 1225(b)(1)'s detention provisions. Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.

Independently, Section 1225(b)(1)(A)(iii), the statute on which Respondents rely, does not apply to Petitioner. Section 1225(b)(1) applies when "an immigration officer determines that" someone is "inadmissible under" 8 U.S.C. Section 1182(a)(6)(C) or 1182(a)(7).  *See id.* § 1225(b)(1)(A).  But Petitioner was found inadmissible under Section 1182(a)(6)(A)(i).  ECF No. 2 at 4.  Even if an inadmissibility determination that—like the one here—in no way purports to be under Section 1225(b)(1)(A) still can be, it certainly is not if it does not even rely on a ground for inadmissibility that renders that subsection applicable.  *Cf. Lopez v. Lyons*, No. 2:25-CV-03174-

DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025) (rejecting the argument that someone's initial contact with immigration officials was a "determination of inadmissibility" under Section 1225(b)(1) because "the Order of Release on Recognizance specifically state[d] that Petitioner was released pursuant to [S]ection 1226").

For those reasons, Respondents may not detain Petitioner under Section 1225(b)(1).

## B. Section 1225(b)(2) Does Not Apply

The remaining statutory question is whether Section 1225(b)(2) applies to all aliens who, like Petitioner, are already in the country but entered without inspection.[1] If so, Section 1225(b)(2) makes Petitioner's detention mandatory. If not, Section 1226(a) applies, Petitioner's detention is discretionary, and he is entitled to a bond hearing if he remains detained. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds those opinions generally persuasive and will not restate every rationale therein. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3

---

[1] Respondents do not clearly make this argument in their response to the petition. *See generally* ECF No. 5. But they previously argued that Section 1225(b)(2) mandates Petitioner's detention. ECF No. 1 at 7. So the Court will address Section 1225(b)(2) here.

(S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, it will focus on the two factors most commanding against the broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

### 1. Section 1225's Language Does Not Apply to Petitioner

To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met:

> (1) the alien is an "applicant for admission";
>
> (2) the alien is "seeking admission"; and
>
> (3) an "examining immigration officer determines" the alien "is not clearly and beyond a doubt entitled to be admitted."

*Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

Here, the first condition is met. The term "applicant for admission" includes an alien "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Petitioner's detention, he was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained him in 2025, Petitioner was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

### 2. Section 1226 Applies to Petitioner According to *Jennings*

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289.

The Court clarified how these provisions applied to different categories of aliens: "§ 1226 applies to aliens already present in the United States." *Id.* at 303. On the other hand, "the language of §§ 1225(b)(1) and (b)(2) is quite clear": "§ 1225(b) applies primarily to aliens seeking entry into the United States ('applicants for admission' in the language of the statute)." *Id.* at 297.,303.

Respondents may argue that this *Jennings* language is dicta. Even if it is, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436,

448 (5th Cir. 2016)).  So Section 1225(b)(2) applies to aliens "seeking admission," and Section 1226 applies to aliens "already in the country."

Respondents may not detain Petitioner pursuant to Section 1225(b)(2).

## III. Appropriate Remedy

Because Petitioner cannot be detained under Section 1225(b)(2), the remaining option is Section 1226.  Respondents do not claim that Petitioner's current detention is under Section 1226. In fact, they assert that the only relief available to him is release from custody. ECF No. 5 at 3.  As such, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025).  His detention is unlawful, and habeas relief is proper.

## IV. Attorney Fees

Petitioner requests attorney's fees under the Equal Access to Justice Act,  28 U.S.C. § 2412(d)(1)(A).  Because fees under this law are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**.  It is **ORDERED** that:

1.  Respondents **RELEASE** Petitioner from custody, under appropriate conditions of release, to a public place by **no later than 12:00 p.m. on November 21, 2025.**

2.  Respondents **NOTIFY** Petitioner's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3.  If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing;

4.   The parties shall **FILE** a Joint Status Report **no later than 5:00 p.m. November 21,**

**2025**, confirming that Petitioner has been released;

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 19th day of November, 2025.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE